UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:20-cv-00022

**Christy Williams,**
*Plaintiff,*

v.

**American Honda Motor Co., Inc.,**
*Defendant.*

## ORDER

In this products-liability case, defendant moves to strike the designation of plaintiff's expert witnesses Wayne Bradley and Chandra Thorbole as a discovery sanction. Doc. 41. For the reasons explained below, the court grants defendant's motion.

### Background

This case stems from injuries plaintiff suffered in a car crash. Plaintiff alleges that the airbag in her 2017 Honda Civic should not have deployed, that the airbag was defectively designed, and that its deployment injured her. Doc. 1.

The parties exchanged expert designations between November 2020 and January 2021. On April 22, 2021, defendant asked plaintiff for dates to depose plaintiff's experts. Doc. 41-3. Plaintiff refused to provide dates until defendant produced its Japanese representatives. Doc. 41 at 1. Plaintiff also stated that Bradley was suffering from COVID-19 complications, so his deposition would not happen for a while. *Id.* The next day, the parties jointly noticed an extension of the discovery deadline to August 27, 2021. Doc. 29.

By early August 2021, defendant again asked plaintiff for expert-deposition dates, but plaintiff again refused to provide dates. Doc. 41 at 2. Defendant subsequently confirmed a deposition date for its corporate representative, after which plaintiff provided expert-deposition dates that were after the jointly agreed discovery deadline. The parties again filed a notice to extend the discovery deadline. Doc. 31.

The depositions of plaintiff's experts again did not go forward, this time due to a dispute over whether they should be in person. Doc. 41 at 2. Trial was continued again because of COVID-19 issues, with a new discovery deadline of September 25, 2021. Doc. 34. A few days later, the parties filed a joint notice extending the discovery deadline to December 5, 2021. Doc. 35.

On September 3, 2021, defendant's counsel again asked for deposition dates for experts Bradley and Thorbole. *Id.*; Doc. 41-4. Four days later, plaintiff confirmed dates of November 11 and 19, 2021. Doc. 41-4. Defendant promptly served deposition notices for those dates. Docs. 41-1, 41-2.

On November 10, 2021, the day before Bradley's deposition, plaintiff wrote defendant to say that Bradley would not appear. Doc. 52-6. Defendant's counsel appeared remotely for Bradley's deposition on November 11, and neither Bradley nor plaintiff's counsel appeared. Doc. 41-6. On November 12, 2021, defendant served plaintiff with a crash-test exhibit report that one of defendant's expert witnesses created. Doc. 51 at 9. On November 16, 2021, plaintiff canceled Thorbole's deposition set for November 19, and it did not go forward. Doc. 41-7. Defendant subsequently filed a motion to strike Bradley and Thorbole as a discovery sanction. Doc. 41.

## Analysis

### I. Plaintiff failed to comply with a court order

District courts have broad discretion to impose sanctions for discovery misconduct. *Smith & Fuller, P.A v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012). Rule 37(b)(2)(A) allows for sanctions when a party "fails to obey an order to provide or permit discovery." But failure to comply with a court order, such as a motion to compel, is not a prerequisite to the imposition of sanctions. *McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). "In general, where a party has received adequate notice that certain discovery proceedings are to occur by a specific date, and that party fails to comply, a court may impose sanctions without a formal motion to compel the discovery from the opposing party." *Id.* (quoting *Tamari v. Bache & Co. (Lebanon) S.A.L.*,

729 F.2d 469, 472 (7th Cir. 1984)). So, a court may issue discovery sanctions for violating Rule 16 scheduling orders. *Id.*

Plaintiff did not need a motion to compel the depositions of Bradley or Thorbole to have adequate notice of the discovery deadline. The controlling Rule 16 scheduling order imposed the controlling discovery deadline. Doc. 34. Pursuant to the scheduling order's provision on notices of extension, and the parties' written notice, the discovery deadline was December 5, 2021. Doc. 35. Because the jointly agreed deadline did not affect the "trial setting, dispositive-motions deadline, challenges to experts deadline, or pretrial submission dates," the agreed extended deadline was in effect. Plaintiff had ample notice of the deadline; indeed, she agreed to it. Plaintiff also had adequate notice of the deposition dates, as they were noticed two months in advance.

Plaintiff did not comply with the court's order because she failed to cooperate during discovery, failed to allow defendant to depose her expert witnesses by the discovery deadline, and her experts failed to appear for two depositions. Instead of seeking a protective order from the court when she did not want Bradley or Thorbole's depositions to go forward, plaintiff resorted to self-help. "The court does not consider 'tit-for-tat' objections to discovery to be legitimate objections. If the opposing party is recalcitrant in responding to discovery requests, the rules provide a mechanism for compelling responses and/or imposing sanctions. The rules do not authorize one party to withhold discoverable material in retaliation for the opposing party's withholding of discoverable material." *Lumbermens Mut. Cas. Ins. Co. v. Maffei,* No. 3:03-cv-262, 2006 WL 2709835, at *5 n. 21 (D. Alaska Sept. 20, 2006); *see also Gropper v. David Ellis Real Estate, L.P.*, No. 13-cv-2068, 2014 WL 518234, at *3 (S.D.N.Y. Feb. 10, 2014) ("Discovery is not equity: one party's noncompliance with discovery requirements does not excuse the other's failure to comply. Each party's obligation is independent. . . ."). Yet plaintiff willfully adopted such a tit-for-tat approach. That is unacceptable.

Plaintiff argues that defendant could have filed a motion to compel the depositions. But that does not erase plaintiff's failure to

comply with the court's order or plaintiff's tit-for-tat excuse. In any event, the depositions were scheduled close to the Thanksgiving holiday, and the discovery deadline was the week after Thanksgiving. During that time, defendant was also filing protective orders against plaintiff's late-noticed depositions of defendant's experts and discussing with plaintiff the notice of settlement that plaintiff filed despite no settlement being agreed to. Docs. 37, 45, 46, 47. In short, defendant was preoccupied with plaintiff's other last-minute antics.

## II. A motion to strike experts is not a litigation-ending sanction

As plaintiff notes, if the district court seeks to impose a litigation-ending sanction (a "death penalty" sanction), such as dismissal or a default judgment, four findings must be made: "(1) the discovery violation was committed willfully or in bad faith; (2) the client, rather than counsel, is responsible for the violation; (3) the violation 'substantially prejudice[d] the opposing party;' and (4) a lesser sanction would not 'substantially achieve the desired deterrent effect.'" *Law Funder, L.L.C. v. Munoz*, 924 F.3d 753, 758 (5th Cir. 2019) (quoting *FDIC v. Conner*, 20 F.3d 1376, 1380–81 (5th Cir. 1994)).

Lesser sanctions, however, do not require willfulness and must only be "just and specifically related to the claim at issue in the discovery order." *Id.*; *Vicknair v. La. Dep't of Pub. Safety & Corr.*, 555 Fed. App'x. 325, 332 (5th Cir. 2014).

Plaintiff argues that the *Conner* factors must be applied because plaintiff has only two experts. But striking an expert designation is not, in and of itself, a litigation-ending sanction. If the strike does have that effect, it is not because the court is ordering dismissal as a sanction but because plaintiff chose to hire only two experts (and, of course, to engage in the discovery misconduct resulting in their being struck). The court does not apply the *Conner* factors.

## III. The sanction is just and specifically related to the claim

Granting defendant's motion to strike Bradley and Thorbole is just and specifically related to the claim of discovery misconduct because plaintiff's misconduct greatly prejudices defendant's ability to present its case. Here, plaintiff withheld the depositions of both of her experts for what she believed was defendant not cooperating or

complying with discovery requirements—yet plaintiff failed to raise those disputes with the court. Good-faith compliance with the discovery period does not countenance plaintiff's self-help approach to discovery.

On November 10, 2021, the afternoon before Bradley's deposition, plaintiff informed defendant that Bradley's deposition would not be going forward because Bradley was being deposed after the discovery deadline (an incorrect assertion) and because defendant refused to confirm that plaintiff would be allowed to depose defendant's experts after the discovery deadline. Doc. 52-6. Bradley's deposition was scheduled for November 11, 2021. Doc. 52-1. Contrary to plaintiff's claim, this was before the jointly agreed-upon December 5, 2021 deadline. Plaintiff also mischaracterizes her conversation with defendant about deposing defendant's experts. Defendant was not reluctant to offer its experts after the discovery deadline. Docs. 41-7; 52-6. Defendant stated that it wanted to speak with the experts before offering dates. Doc. 52-6. A few days later, on November 16, 2021, defendant offered several deposition dates for three of its experts that were beyond the agreed December 5, 2021 deadline. Doc. 41-7. Plaintiff's cancellation of Bradley's deposition was entirely unjustified.

Plaintiff canceled Thorbole's deposition on November 16, 2021, three days before the deposition. Docs. 41-2; 41-7. Plaintiff canceled the deposition because she claimed that Thorbole needed to see the vehicles that one of defendant's experts used to create a crash-test exhibit. Doc. 41-7. The exhibit was created during the discovery period and was disclosed to plaintiff on November 12, 2021, which plaintiff argued was untimely. Docs. 41-7; 51 at 9. But those arguments do not justify plaintiff refusing to allow defendant to depose Thorbole. Defendant correctly informed plaintiff that the exhibit "has nothing to do with work Thorbole has conducted or affirmative opinions he has generally disclosed in his reports." Doc. 41-7. Defendant also timely disclosed the crash-test exhibit, as discovery was still open. *Id.* Although plaintiff was concerned that Thorbole would be questioned about the crash test exhibit during his deposition,

defendant noted that it was not relevant to Thorbole's own report and to defendant's effort to depose Thorbole on his own opinions. Plaintiff could have noticed a rebuttal deposition if the crash test did come up during the deposition. Plaintiff also could have sought a protective order instead of acting on its own and canceling the deposition. Plaintiff's reasons for canceling this deposition are unjustified.

Allowing plaintiff to present these expert witnesses at trial, while denying plaintiff the chance to depose them, would greatly prejudice defendant's ability to argue its case. Bradley and Thorbole are plaintiff's expert witnesses on critical elements in the case. While defendant has their expert reports, a deposition allows a party to fully explore an expert's findings, thought process, and analysis. Defendant's counsel reported finding Bradley's report difficult to follow and that his report contained a variety of theories that make it unclear what he intends to testify to at trial. Particularly given that context, it is difficult for defendant to prepare for trial, and it is likely that defendant would be surprised and unfairly prejudiced by the experts' testimony at trial.

The court considered the option of granting yet another continuance but finds that it would not be just given plaintiff's discovery misconduct and the circumstances of this litigation. This case was filed in January 2020, and trial has already been continued twice. Docs. 28, 34. Continuing it yet a third time would be unfair given defendant's prompt completion of discovery and diligence in seeking to depose plaintiff's experts. It would also be unfair to force defendant to depose both witnesses sometime within the short time before the current trial date.

The court also finds that a sanction is warranted, as not imposing a sanction would not promote respect for the discovery rules. Parties should not feel free to flout discovery rules, with the expectation of only a slap on the wrist. *See Nat'l Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 643 (1976). Nor should parties feel free to ignore the court's discovery orders or take matters into their own hands when there are other options available to them.

Finally, although the court appreciates that both experts' testimony is important to plaintiff's case, the depositions of those experts is just as important to defendant's ability to present its defense. Without deposing either of them, defendant cannot adequately prepare for trial. "'The importance of such proposed testimony cannot singularly override the enforcement of local rules and scheduling orders.' Moreover, the claimed importance of Plaintiffs' expert testimony underscores the need for Plaintiff[] to have complied with the court's deadlines." *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996) (internal citation omitted).

## Conclusion

For the foregoing reasons, the court grants defendant's motion to strike plaintiff's experts Wayne Bradley and Chandra Thorbole. Their expert designations are hereby stricken.

*So ordered by the court on April 8, 2022.*

J. CAMPBELL BARKER
United States District Judge